**Order entered October 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01138-CR
No. 05-18-01176-CR
No. 05-18-01177-CR
No. 05-18-01178-CR
No. 05-18-01179-CR
No. 05-18-01180-CR

**JOSE ANTONIO JUAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1772146-S, F-1035577-S, F-134001-S, F-1433730-S, F-1433734-S,**
**F-1433735-S**

## ORDER

The State charged appellant with five controlled-substance-related offenses. Appellant judicially confessed to the offenses, the trial court found him guilty of each offense, and the trial court placed him on community supervision. A few years later, the State filed a motion to revoke appellant's community supervision in each of the five cases, alleging violations of the conditions of community supervision. One of those conditions was commission of a new offense, assault. After the State withdrew one of the allegations, appellant pleaded true to each remaining allegation in the State's motion to revoke except for the assault allegation. The trial

court entered judgment revoking appellant's community supervision in each of the five controlled-substance cases and assessed terms of incarceration. As to the assault charge, appellant pleaded not guilty, but a jury found him guilty and the trial court assessed punishment at seven years' incarceration.

After assessing punishment, the trial court stated on the record: "And all of the court costs in all of these matters are waived." *See* Reporter's Record Volume 10, Page 8, Lines 24-25. However, the judgment in cause number 05-18-01176-CR (trial court case number F-1035577-S) assesses $459.00 in court costs; the judgment in cause number 05-18-01178-CR (trial court case number F-1433730-S) assesses $424.00 in court costs; the judgment in cause number 05-18-01180-CR (trial court case number F-1433735-S) assesses $409.00 in court costs; and the judgment in cause number 05-18-01138-CR (trial court case number F-1772146-S) assesses $299.00 in court costs. The "Criminal Court Fee Docket" sheets in each of these cases reflects the same cost assessments as appear in the judgments.

The judgments in cause numbers 05-18-01177-CR (trial court case number F-1334001-S) and 05-18-01179-CR (trial court case number F-1433734-S) do not assess court costs. However, the "Criminal Court Fee Docket" sheets included in the clerk's records show costs assessed as $474.00 and $424.00, respectively, in these cases.

Additionally, the judgments in the community supervision revocation cases show appellant pleaded "true" to all allegations. However, the record indicates appellant pleaded "not true" to the allegation of assault, and the State abandoned its allegation that appellant violated "condition (a) by violating the laws of the State of Texas in that on or about July 11, 2017 in Dallas County, Texas, [appellant] did then and there operate a motor vehicle in a public place while intoxicated."

The Texas Rules of Appellate Procedure require that we not affirm or reverse a judgment or dismiss an appeal if (1) the trial court's erroneous action or failure to act prevents the proper presentation of a case to the court of appeals and (2) the court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a); *Sanchez v. State*, Nos. 05–16–01020–CR, 05–16–01021–CR, 05–16–01022–CR, & 05–16–01023–CR, 2017 WL 3276008, at \*2 (Tex. App.—Dallas July 31, 2017, no pet.) (mem. op., not designated for publication) (issuing order abating case and directing trial court to sign corrected judgment of conviction that contained all of the statutorily mandated information); *Greenwood v. State*, No. 05–16–00644–CR, 2017 WL 2590740, at \*3 (Tex. App.—Dallas June 14, 2017, no pet.) (mem. op., not designated for publication) (issuing order abating case and directing the trial court to sign corrected judgment of conviction that contained all of the statutorily mandated information); *Felder v. State*, No. 03–13–00706–CR & 03–13–00707–CR, 2014 WL 3560426, at \*1 (Tex. App.—Austin July 18, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (abating appeals and remanding cases to trial court where the wrong judgment forms were used, and directing trial court to sign corrected judgments of conviction that contain all of the statutorily mandated information).

Because there are multiple inconsistencies in the record, which are reflected in the judgments and which can be corrected by the trial court, this Court **ORDERS** the trial court to determine whether the judgments and "Criminal Court Fee Docket" sheets in the above-listed causes are correct. If they are incorrect, this Court **ORDERS** the trial court to sign corrected judgments of conviction and "Criminal Court Fee Docket" sheets in the above-listed causes. If the judgements in the above-listed causes are correct, this Court **ORDERS** the trial court to file letters with the district court clerk in each of the above-listed causes stating the judgments and "Criminal Court Fee Docket" sheets are correct.

We **ORDER** supplemental clerk's records containing the corrected judgments of conviction or letters stating the judgments are correct, along with any corrected "Criminal Court Fee Docket" sheets, to be filed in this Court no later than **FIFTEEN DAYS** from the date of this order.

These appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated **FIFTEEN DAYS** from the date of this order or when the supplemental clerk's records are received, whichever is earlier.

/s/     LANA MYERS
        PRESIDING JUSTICE